Sonia Powell
2226 Eastlake Ave. E. #106
Seattle, WA 98102
(424) 272-1293

___ FILED  ___ ENTERED
___ LODGED  ___ RECEIVED

JUN 13 2019 SP

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

SONIA POWELL,

    Petitioner

Vs.

DEFENDANT KING COUNTY,

DEFENDANT CENTRAL PUGET SOUND

REGIONAL TRANSIT AUTHORITY D/B//A

SOUND TRANSIT, SECURITAS SECURITY

SERVICES USA, INC. D/B/A SECURITAS,

DEFENDANT RICHARD SHIPLETT,

DEFENDANT DOE B. TOLEFREE,

DEFENDANT MARCUS (MARK)

SIGURDSON, DEFENDANT ALEX QUIRIT

    Respondents.

Docket No.: 19 CV 00929

JURY DEMAND

SEA19473 / No Summons

Plaintiff's Original Complaint

1. Introduction

This lawsuit arises from an unlawful stop on a Central Puget Sound Regional light rail train in Seattle on June 12, 2017 by Securitas contractors, Defendant Richard Shiplett and Defendant B. Tolefree. Defendants Shiplett and Tolefree contacted Defendant King County Sheriff's Transit Police beginning a spread of uncontrolled liability.

2. Parties

2.1. Plaintiff Sonia Powell is a natural citizen of the United States and at all times relevant resident in King County, Washington.

2.2. Defendant King County, hereinafter "Defendant County" is a Washington municipal corporation and is the legal entity responsible for itself and for the Defendant King County Sheriff's Department and Defendant King County Sheriff's Transit Police. This defendant is also the employer of the individual Defendants and is proper entity to be sued under 42 U.S.C. § 1983.

2.3. Defendant Central Puget Sound Regional Transit Authority, hereinafter "Defendant Sound Transit" is a corporation organized and existing under the laws of the State of Washington and is the legal entity responsible for itself and its individual agents. Defendant Sound Transit contracts with Securitas Services USA, Inc. for fare enforcement services on its Link light rail trains. Defendant Sound Transit also contracts with the King County Sheriff's Office for police services. It is the proper entity to be sued under 42 U.S.C. § 1983.

2.4. Defendant Securitas Services USA, Inc. dba Securitas, hereinafter simply "Securitas" is a corporation organized and existing under the laws of the State of Washington and is the legal entity responsible for itself and for its individual agents and is the proper entity to be sued under 42 U.S.C. § 1983.

2.5. Defendant Richard Shiplett is a citizen of the United States, and, at all times relevant to this complaint, resident of Washington state. Defendant Shiplett was acting under the color of state law in his role as a Fare Enforcement Officer employed by Defendant Securitas and contracted by Defendant Sound Transit and is sued individually and in his official capacity.

2.6. Defendant B. Tolefree is a citizen of the United States, and, at all times relevant to this complaint, resident of Washington state. Defendant Tolefree was acting under the color of state law in her role as a Fare Enforcement Officer employed by Defendant Securitas and contracted by Defendant Sound Transit . She is sued individually and in her official capacity.

2.7. Defendant Alex Quirit is a citizen of the United States, and, at all times relevant to this complaint, resident of Washington state. Defendant Quirit was acting under the color of state law in his role as a Defendant King County Sheriff's Transit Police Officer employed by Defendant County and contracted by Defendant Sound Transit . He is sued individually and in his official capacity.

2.8. Defendant Marcus Sigurdson is a citizen of the United States, and, at all times relevant to this complaint, resident of Washington state. Defendant Sigurdson was acting under the color of state law in his role as a Defendant King County

Sheriff's Transit Police Officer employed by Defendant County and contracted by Defendant Sound Transit . He is sued individually and in his official capacity.

### 3. Jurisdiction and Venue

3.1. This court has jurisdiction under 28 U.S.C. 1331, specifically 42 U.S. Code § 1983.

3.2. The amount in controversy is greater than $75,000 (28 U.S. Code § 1332(a)(1)).

3.3. A defendant resides in this judicial district and the venue is proper pursuant to 28 U.S. Code § 1391(b)(1) and (2). All defendants are Washington state residents and a substantial part of the events occurred within King County.

### 4. Background

4.1. On June 12, 2017 at approximately 10:00am plaintiff was contacted by Defendant Richard Shiplett and Defendant B. Tolefree on a Link light rail train traveling north from Columbia City Station. Defendant Shiplett indicated that plaintiff's ORCA card had not been properly validated at the last stop. Rather, his device indicated plaintiff's fare had been paid, but the card had not been tapped appropriately.

4.2. Plaintiff was acutely aware of the time because earlier that morning she came from Tacoma on a Sounder Train operated by Defendant Sound Transit. These trains leave on set schedules. On that particular day plaintiff arrived to catch a train shortly before it was set to depart. An employee holding the door open for last-minute passengers saw Ms. Powell rushing to load her card and pay and said to her, "Don't worry. You still have plenty of time. You have two minutes." Ms.

        Powell checked her phone and saw, indeed, she had two minutes remaining before the train was set to depart, and noted the time. She tapped her card and boarded. All ORCA Card journeys allow a two hour transfer window. When questioned by Defendant Shiplett on June 12th she knew it was before this two hour window had expired.

4.3.   Plaintiff was asked for identification by Defendant Shiplett, which she provided. Defendant Shiplett returned plaintiff's ORCA Card without issuing a citation. However, undeterred from his true intent (which was to harass) he continued to question Ms. Powell. Defendant Shiplett asked Ms. Powell if she had a driver's licence. She did not have one. Plaintiff was not asked for any other accepted forms of ID.

4.4.   Plaintiff stopped and validated her card at the next stop in full view of Defendant Shiplett and Defendant Tolefree. Plaintiff seated herself and waited for the next train. While seated plaintiff was confronted by two Defendant King County Sheriff's Transit Police Officers, Defendant Quirit and Defendant Sigurdson. Plaintiff patiently explained the situation. Ms. Powell agreed to produce her ORCA card and identify herself once again, however, as the stop had ended without citation, and a truthful explanation failed to suffice, Ms. Powell attempted to begin recording on her phone. When Defendant County officers saw plaintiff's phone they tore it from her hand, grabbed her bag, and immediately began rifling through it. Defendant officers manhandled Ms. Powell. Plaintiff told defendant officers that they were hurting her to which Defendant Quirit

responded, "That's the point." Although clearly incapable of resisting, Defendant Sigurdson and Defendant Quirit continued to escalate the situation by using even more force. Ms. Powell was dragged to the ground, her face was forced into the concrete platform and a knee was stuck into her back. Inexplicably, Defendant Quirit said to Defendant Sigurdson that they should take Ms. Powell into custody because he did not want to see her jump in front of an oncoming train. Any reasonable person, especially in this context, would read such a statement as an alarming threat. Ms. Powell begged passersby for help. In a later statements Defendant Shiplett falsely attributed Defendant Quirit's and Defendant Sigurdson's outrageous statement to Ms. Powell, but also admits (irreconcilably) she was begging for help.

4.5. Plaintiff was handcuffed by Defendant County officers and put inside of a police cruiser while defendants examined her ORCA Card once again, although it had been initially offered to them voluntarily. A reasonable officer would have discovered:

  4.5.1. Plaintiff's card was currently validated; and

  4.5.2. There were sufficient funds on plaintiff's card to cover multiple trips; and

  4.5.3. As previously stated, plaintiff's fare was likely paid when stopped; and

  4.5.4. Plaintiff was not cited by Defendant Sound Transit on June 12, 2017 for any offense.

4.6. A reasonable officer would not have followed Defendant Quirit's and Defendant Sigurdson's steps and taken the plaintiff into custody and charged her with Obstructing a Public Servant and Resisting Arrest.

4.7. Defendant Sound Transit filed a citation, citation no. IST340939, directly with the court on June 19, 2017.

4.8. Plaintiff was not served by Defendant Sound Transit for citation no. IST340939, or any offense occurring on or around June 12, 2017. No reasonable officer would have taken these steps.

4.9. Defendants' actions, as they relate to plaintiff, were never connected to any legitimate interest. Defendants are not entitled to immunity for this conduct.

5. Claim I Violation of the First Amendment and Defamation

5.1. Plaintiff reasserts and re-alleges all sections of this complaint.

5.2. Plaintiff also had the clearly established Constitutional right under the First Amendment to freedom of speech.

5.3. Any reasonable person should have known of these rights as they were clearly established at that time.

5.4. Defendants' attempt to censure plaintiff was objectively unreasonable.

5.5. Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Powell's federally protected rights.

    5.6.    The acts or omissions of all individual Defendants were moving forces behind plaintiff's injuries.

6.    Claim II Violation of the Fourth Amendment and Assault and Battery, False Arrest, False Imprisonment, Reckless Endangerment, Unlawful Search and Seizure

    6.1.    Plaintiff reasserts and re-alleges all sections of this complaint.

    6.2.    Plaintiff also had the clearly established Constitutional right under the Fourth Amendment to be secure in her person.

    6.3.    Any reasonable person should have known of these rights as they were clearly established at that time.

    6.4.    Defendants' conduct was objectively unreasonable.

    6.5.    The acts or omissions of all individual Defendants were moving forces behind plaintiff's injuries.

7.    Claim III Violation of Fifth Amendment

    7.1.    Plaintiff reasserts and re-alleges all sections of this complaint.

    7.2.    Plaintiff also had the clearly established Constitutional right under the Fifth Amendment to due process.

    7.3.    Any reasonable person should have known of these rights as they were clearly established at that time.

    7.4.    Defendants' conduct was objectively unreasonable.

    7.5.    The acts or omissions of all individual Defendants were moving forces behind plaintiff's injuries.

8.    Claim IV Violation of Sixth Amendment

    8.1.    Plaintiff reasserts and re-alleges all sections of this complaint.

    8.2.    Plaintiff also had the clearly established Constitutional right under the Sixth Amendment to be informed of the cause and nature of the accusations against her.

    8.3.    Any reasonable person should have known of these rights as they were clearly established at that time.

    8.4.    Defendants' conduct was objectively unreasonable.

    8.5.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

9. Claim V Violation of Fourteenth Amendment, RCW 49.60.030 and Title 14 of the Seattle Municipal Code

    9.1.    Plaintiff reasserts and re-alleges all sections of this complaint.

    9.2.    Plaintiff, as an African American is a member of a protected class, had the clearly established statutory right under 42 U.S.C. § 1985(3) to equal protection, privileges and immunities under the laws.

    9.3.    Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment (and state and local codes) to due process and equal protection under the law.

    9.4.    Any reasonable person should have known of these rights as they were clearly established at that time.

    9.5.    Defendants' seizure was objectively unreasonable. No facts existed to suggest a crime was in commission or had been committed, and, as such, Defendants' seizure violated the Fourth and Fourteenth Amendment rights of the Plaintiff.

9.6. Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Ms. Powell's federally protected rights.

9.7. The acts or omissions of all individual Defendants were moving forces behind plaintiff's injuries.

9.8. Any reasonable person should have known of these rights as they were clearly established at the time.

10. Claim VI Abuse of Process, Malicious Prosecution in Violation of RCW 9.62.010

10.1. Plaintiff reasserts and re-alleges all sections of this complaint.

10.2. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

11. Claim VII Breach of Breach of Fiduciary Duty Fraud, Conversion, Breach of Contract

11.1. Plaintiff reasserts and re-alleges all sections of this complaint.

11.2. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

12. Claim VIII Invasion of Privacy

12.1.1. Plaintiff reasserts and re-alleges all sections of this complaint.

12.1.2. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

13. Claim IX Violation of 42 U.S.C. § 1985(3) Conspiracy and Conspiracy (RCW 9A.28.040)

13.1. Plaintiff reasserts and re-alleges all sections of this complaint.

14. Claim X Monell Claim and Failure to Hire/ Fire/Impeach, Supervise, Train, Discipline

14.1. Plaintiff reasserts and re-alleges all sections of this complaint.

THEREFORE, plaintiff requests the court enter a judgment in her favor against defendants

1. For all damages allowed by law; an
2. Court costs and post-judgment interest; and
3. For appropriate declaratory and injunctive relief; and
4. For such other relief this court deems just and proper.

A **JURY TRIAL** is demanded.

Dated this 13th of June 2019.

s/Sonia Powell
Sonia Powell
2226 Eastlake Ave. E. #106
Seattle, WA 98102
(424) 272-1293

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel or opposing parties in the foregoing matter with a copy of this pleading by certified USPS Priority mail.

Dated this 13h of June 2019.

s/ Sonia Powell
Sonia Powell
2226 Eastlake Ave. E. #106
Seattle, WA 98102
(424) 272-1293