UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| SONIA POWELL, | CASE NO. C19-929 RSM |
|---|---|
| Plaintiff, | ORDER AFFIRMING ORDER DECLINING TO RECUSE |
| v. | |
| KING COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Sonia Powell's ("Plaintiff") motion seeking recusal of Chief Judge Ricardo S. Martinez, Dkt. 14, and Chief Judge Martinez's order declining to recuse, Dkt. 18.

The applicable recusal statute provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

ORDER - 1

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

28 U.S.C. § 455. Further, 28 U.S.C. § 144 provides that when "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party" a party may file an affidavit stating, "the facts and reasons for the belief that bias or prejudice exists" and the case will be assigned to another judge. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotations and citations omitted).

Plaintiff argues Chief Judge Martinez should recuse pursuant to 28 U.S.C. § 455(a) & (b)(1). Dkt. 14 at 2.[1] Plaintiff argues Chief Judge Martinez is biased against her or his impartiality may be questioned because in a previous case Plaintiff filed which was assigned to Chief Judge Martinez, *Powell v. City of Pasco*, 2:16-cv-00648-RSM (W.D. Wash. May 9, 2016), the Court issued an order for Plaintiff to show cause why venue should not be transferred pursuant to Local Rule 3(d) based on the location of the parties and the precipitating event.

The Court finds that Plaintiff has failed to establish that recusal is necessary or appropriate. Disagreement with prior adverse rulings is an insufficient basis for recusal.

---

[1] While Plaintiff explains that the case was originally assigned to Judge Richard A. Jones, who recused due to his spouse's employment, the Court does not find this is relevant to Chief Judge Martinez's recusal. *Id*. at 1–2.

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Therefore, the Court **AFFIRMS** Chief Judge Martinez's decision not to recuse himself from this matter.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge