UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SONIA POWELL,

   Plaintiff,

  v.

KING COUNTY, *et al.*,

   Defendants.

Case No. C19-929RSM

ORDER GRANTING MOTIONS TO DISMISS

  This matter comes before the Court on Motions to Dismiss filed by two different groups of Defendants, Dkt. #23 and Dkt. #25.

  Plaintiff Powell alleges that she was riding on a Sound Transit train on June 12, 2017, when fare enforcement officers approached her and stated she had not properly scanned her "ORCA" card. Dkt. #1. She then "stopped and validated her card at the next stop in full view of [the fare enforcement officers]." *Id*. King County police were summoned. *Id*. She alleges that she was forced down to the ground, a knee placed on her back, and eventually arrested despite having proof that she did pay. She claims that the actions of Defendants were not reasonable or connected to any legitimate interest of the government.

  Plaintiff filed her Complaint on June 13, 2019, two years and one day after the incident took place. *Id*. She is suing the fare enforcement officers, their organization, Sound Transit,

ORDER GRANTING MOTIONS TO DISMISS - 1

the police, and King County. Plaintiff claims violations of the First, Fourth, Fifth, Sixth and Fourteenth Amendments, Defamation, Assault and Battery, False Arrest, False Imprisonment, Reckless Endangerment, Unlawful Search and Seizure, violations of RCW 49.60.030 and RCW 9.62.010, Violation of Title 14 of the Seattle Municipal Code, Breach of Fiduciary Duty, Fraud, Conversion, Breach of Contract, Invasion of Privacy, Violation of U.S.C. § 1985(3) and, finally, a *Monell* Claim and Failure to Hire/Fire/Impeach, Supervise, Train, and Discipline. *Id*.

Defendants Securitas Security Services USA, Inc. d/b/a Securitas ("Securitas"), Richard Shiplett and Doe B. Tolefree contend that Ms. Powell failed to properly serve them with the Complaint 90 days from filing in violation of Federal Rule of Civil Procedure 4(m). Dkt. #23 at 1. They argue that her claims for defamation, assault and battery, false arrest, and false imprisonment are barred by the applicable two-year statute of limitations. *Id*. at 2. Finally, they argue that many of Ms. Powell's claims fail to satisfy the pleading requirements of *Twombly/Iqbal*.[1] *Id*.

Defendants King County, Mark Sigurdson and Alex Quirit argue that the above claims are barred by the statute of limitations, that they were not served with a summons and copy of the Complaint within 90 days, and that certain claims fail to satisfy the pleading requirements of *Twombly/Iqbal* as written. Dkt. #25 at 3.

RCW § 4.16.005 and .100 provide that actions for libel, slander, assault and battery, and false imprisonment must be commenced within two years after the cause of action accrued.

---

[1] In evaluating a complaint for dismissal under Rule 12(b)(6), the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

ORDER GRANTING MOTIONS TO DISMISS - 2

Ms. Powell has failed to file a response to either of the above Motions to Dismiss. Given all of the above, the Court agrees with Defendants that Plaintiff's claims for defamation, assault and battery, false arrest, and false imprisonment are barred by the applicable two-year statute of limitations and properly dismissed with prejudice as to all Defendants.

Ms. Powell has offered no argument to challenge Defendants' contentions that they were not timely served with the summons and complaint.[2] Rule 4(m) states: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Given the circumstances and timing of this case, and Ms. Powell's pro se status, the Court finds that dismissal without prejudice would be an overly harsh outcome. Instead, the Court will order that proper service be made within 30 days. The Court advises Ms. Powell to thoroughly review the requirements for service under Federal Rule of Civil Procedure 4 and applicable state law. No further extension of time will be granted.

The Court further finds that the current Complaint is deficient under the *Twombly/Iqbal* standard for the reasons articulated in Defendants' Motions. Specifically, the Court agrees with the following statements of Defendants:

- "Plaintiff does not allege facts with sufficient specificity to articulate claims for abuse of process or malicious prosecution," Dkt. #23 at 7;
- "…she does not identify the fiduciary duty that allegedly was owed by Securitas or its employees or how that duty was breached," *id.;*
- "she does not articulate sufficient facts to make out a colorable fraud claim," *id.;*

---

[2] Ms. Powell's subsequent declaration of service, Dkt. #28, indicates only that she has mailed Defendants a copy of the summons and complaint; such is insufficient under applicable rules requiring in-person service. *See* Fed. R. Civ. P. 4.

ORDER GRANTING MOTIONS TO DISMISS - 3

- "she does not describe facts that give rise to a conversion claim," *id.*;
- "she does not lay out the basis for a breach of contract claim, *i.e.*, there is no recitation of the terms of the contract;" *id.*;
- "Claim VIII for Invasion of Privacy also does not even attempt to lay out the elements of this cause of action," *id.* at 8;
- "Plaintiff also has pled violation of two criminal statutes, RCW 9.62.010 (Claim VI) and RCW 9A.28.040 (Claim XI), neither of which she has standing to assert," *id.*;
- Plaintiff's RCW 49.60.030 claims must have been filed with the Washington Human Rights Commission within six months of the alleged discrimination, *see* RCW 49.60.230(2), but Plaintiff has made no showing that she did so, *id.*;
- Similarly, Plaintiff's claim under Title 14 of the Seattle Municipal Code required it to be filed first with the City Clerk and can only seek damages if the city of Seattle is a Defendant, *id.*;
- Plaintiff's *Monnell* claim against King County does not allege "that the County's customs or policies were the moving force behind any violation of her constitutional rights" or otherwise plead sufficient facts to satisfy the standard for such a claim, Dkt. # 25 at 5.

Given all of the above, the Court finds that the current Complaint is properly dismissed under Rule 12(b)(6) with leave to amend. Ms. Powell is advised to amend her Complaint to remove claims that cannot be brought and to supplement those claims that she believes should proceed with additional facts and supporting claim language. She must then properly serve this amended complaint on Defendants within 30 days and file it with the Court.

ORDER GRANTING MOTIONS TO DISMISS - 4

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motions to Dismiss, Dkt. #23 and Dkt. #25, are GRANTED.

2) Plaintiff's claims for defamation, assault and battery, false arrest, and false imprisonment are DISMISSED with prejudice as to all Defendants.

3) The remainder of Plaintiff's claims are DISMISSED with leave to amend as stated above. Failure to file an amended complaint within 30 days will result in the closure of this case.

DATED this 30th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO DISMISS - 5