UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SONIA POWELL, | Case No. C19-929RSM |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF UNDER RULE 60 |
| v. | |
| KING COUNTY, *et al*., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Sonia Powell's Rule 60 Motion to Vacate Void Judgment. Dkt. #53. Ms. Powell "moves the court for an order providing relief from the ORDER granting Defendants' Motions to Dismiss (Dkt. Nos. 23 and 25) of June 30, 2020 and July 31, 2020 as follows: entering an order for a new trial." *Id.* at 1 (emphasis in original). This Motion is opposed by Defendants. *See* Dkts. ##55– 57.

Ms. Powell does not point to any facts or procedural events. *See* Dkt. #53 at 1 ("This motion is based on the record in this case."). She argues that "[t]he Court has continually failed to act in a manner consistent with due process of law." *Id*. No further legal argument or details are provided. The remainder of her two-page Motion is a recitation of Rule 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

ORDER DENYING MOTION FOR RELIEF UNDER RULE 60 - 1

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or  misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Ms. Powell clearly cites Rule 60(b)(4) as the sole basis for her requested relief.

"A judgment is not void merely because it is erroneous."  *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  It is void for purposes of Rule 60(b) "only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law."  *Id.*  Ms. Powell's bare assertion that this Court violated her due process rights is not supported by any cognizable legal argument or citation to authority.  There is simply nothing for the Court to analyze.  The Court finds no basis to conclude that these proceedings lacked due process.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Rule 60(b) Motion, Dkt. #53, is DENIED.

DATED this 21st day of September, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RELIEF UNDER RULE 60 - 2